**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

      Plaintiff,

vs.  No. CR 07-1427 JB

ALBERT CORRAL,

      Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Defendant's Sentencing Memorandum, filed June 4, 2009 (Doc. 32). The Court held a hearing on July 14, 2009. The primary issue is whether the Court should vary from an advisory guideline sentence of 92 to 115 months to a 60 month sentence. Because there is a combination of factors that suggests a 92-month sentence is too high, the Court will vary from the guideline sentence. These factors do not, however, point to as low a sentence as Defendant Albert Corral requests, and so the Court will impose a sentence of 80 months.

**PROCEDURAL BACKGROUND**

On May 1, 2009, Corral pled guilty to Count 1 of an indictment, which charged him with being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g) and 924(a)(2). See Plea Agreement ¶ 3, at 2, filed May 1, 2009 (Doc. 28). Citing various factors, including his troubled upbringing, his addiction to methamphetamine, the alleged overrepresentation of his criminal history in the guideline calculation, and his time in state custody, Corral asks that the Court sentence him to five years. The United States argues that Corral should not receive a variance and requests that the Court sentence Corral to the low end of the guideline range.

## LAW REGARDING SENTENCING

Since the Supreme Court of the United States decided <u>United States v. Booker</u>, 543 U.S. 220 (2005), a sentencing court's task is to impose a sentence that implements the sentencing factors set forth in 18 U.S.C. § 3553(a). Those factors are:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed--

>(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

>(B) to afford adequate deterrence to criminal conduct;

>(C) to protect the public from further crimes of the defendant; and

>(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for--

>(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--

>>(i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

>>(ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or

>(B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have

yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);

(5) any pertinent policy statement--

(A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

(B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). The Court must "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2)" of § 3553(a). 18 U.S.C. § 3553(a).

## ANALYSIS

Corral's arguments for a variance have merit. Taken together, the arguments counsel against imposing a sentence within the guidelines. Corral's offense is a serious one, however, and he has an extensive and varied criminal history that includes convictions for a number of drug crimes and violent offenses. After considering the § 3553(a) factors, the Court concludes that a sentence of 80 months incarceration is the appropriate sentence.

First, while Corral's criminal history is not overstated as the Guidelines define overstatement, his high criminal history does not consist of one violent crime after another. Corral is in category VI and there is no dispute that this category was correctly calculated under the guidelines. His criminal history is also extensive. Nonetheless, he has received a number of criminal history points for crimes such as possession of drug paraphernalia. While such crimes are

serious, there are degrees of seriousness, and viewed as a whole Corral's criminal history is not what the Court is used to seeing in criminal history category VI individuals. The overstatement of the severity of Corral's criminal background warrants some variance.

A number of the factors that Corral points to do not themselves warrant varying here, but buttress a variance that is principally based on other grounds. Corral's troubled past, his early loss of his father, his drug addiction, his desire to have the opportunity to support his five children, and his failure to invoke his speedy trial rights on the federal indictment while serving a state sentence because of what he says was his ignorance of his rights all fall into this category. Such circumstances are unfortunately quite common among the defendants who appear before the Court for sentencing, and the Court does not believe that, standing alone, these factors are a sound basis for varying.

One last factor that the Court believes has some substantial weight is Corral's separate state conviction and sentence on a state felon-in-possession charge for conduct occurring within two months of his federal crime. Corral was arrested for being a felon in possession in violation of state law but was not held in pre-trial custody. He was released and shortly thereafter arrested again on a similar federal charge involving different firearms for which he is now being sentenced. Corral had already begun serving his state sentence before being transferred to federal custody. This scenario, involving separate state and federal convictions on conduct closely related in both nature and timing, does not give the state conviction and incarceration any opportunity to see if it specifically deters Corral. A sentence of 92 months or more on the federal charge, plus the state charge and sentence, would be excessive and over deter specifically.

Both the practical overrepresentation of criminal history and overemphasis of deterrence in the 18 U.S.C. § 3553(a) mix favor the Court granting a variance. Combined with the other factors

that do not themselves individually suggest a deterrence, the Court believes that a variance is appropriate here, although not as much as the one Corral advances. Corral asks that the Court cut his guideline sentence by at least a third, from 92 to 60 months, but such a reduction is not appropriate here. Only a couple of the factors Corral identified substantially support a variance and the Court believes that, on balance, a significant variance is not warranted here. If Corral had expedited his federal proceeding, he might have been looking at a reduction of 6 months in the overall time he would serve in state and federal prison on gun charges. The other six factors combined do not deserve more than a 6 month variance. Accordingly, the Court will sentence Corral to 80 months incarceration, a variance of 12 months from the low end of the advisory guideline range.

      **IT IS ORDERED** that the request in the Defendant's Sentencing Memorandum is granted in part and denied in part. The Court sentences Defendant Albert Corral to 80 months incarceration.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Gregory J. Fouratt
  United States Attorney
Louis E. Valencia
  Assistant United States Attorney
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Michael A. Keefe
Assistant Federal Public Defender
Albuquerque, New Mexico

    *Attorney for the Defendant*