AO 245B (Rev 12/03) Criminal Judgment Sheet 1

# UNITED STATES DISTRICT COURT
**District of New Mexico**

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br>**Albert Corral** | **Judgment in a Criminal Case**<br><br>(For Offenses Committed On or After November 1, 1987)<br>Case Number: **1:07CR01427-001JB**<br>USM Number: **40915-051**<br>Defense Attorney: **Michael Keefe, Appointed** |

THE DEFENDANT:

☒ pleaded guilty to count(s) **Indictment**
☐ pleaded nolo contendere to count(s)
☐ after a plea of not guilty was found guilty on count(s)

The defendant is adjudicated guilty of these offenses:

| Title and Section | Nature of Offense | Offense Ended | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. Sec. 922(g)(1), 18 U.S.C. Sec. 924(a)(2) | Felon in Possession of Firearm and Ammunition | 09/13/2006 | 1 |

The defendant is sentenced as specified in pages 2 through **5** of this judgment. The sentence is imposed under the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count .
☒ Count **II** is dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

| | |
|---|---|
| County of Residence | **July 14, 2009**<br>Date of Imposition of Judgment<br><br>**/s/ James O. Browning**<br>Signature of Judge<br><br>**Honorable James O. Browning**<br>**United States District Judge**<br>Name and Title of Judge<br><br>**September 22, 2009**<br>Date Signed |

Defendant: **Albert Corral**
Case Number: **1:07CR01427-001JB**

# IMPRISONMENT

The defendant is committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **80 months**.

**Defendant Albert Corral`s offense level is 23 and his criminal history is category VI. His advisory guidelines sentence range is 92 to 115 months. The Court has considered the guideline range established for the applicable category of offense committed by the applicable category of defendant. The Court also takes into consideration other sentencing goals. Specifically, the Court has also considered the factors set forth in 18 U.S.C. § 3553(a)(1)-(7).**

**The Court believes that a sentence of 80 months reflects the seriousness of the offense that Corral has committed and will promote respect for the law, provide just punishment, and afford adequate deterrence. While the sentence varies from the suggested range under the Sentencing Guidelines, it more faithfully promotes the sentencing goals Congress laid down in 18 U.S.C. § 3553(a).**

**First, while the Presentence Report correctly calculates Corral`s criminal history category as VI, the Court agrees with Corral that his criminal history is overstated in some way. Corral is in category VI, and there is no argument that this category was incorrectly calculated under the guidelines. His criminal history is also extensive. Nonetheless, he has received a number of criminal history points for crimes such as possession of drug paraphernalia. While such crimes are serious, there are degrees of seriousness, and viewed as a whole Corral`s criminal history is not what the Court is used to seeing in criminal history category VI individuals. The overstatement of the severity of Corral`s criminal background warrants some variance.**

**A number of the factors to which Corral points do not themselves warrant varying here, but buttress a variance that is principally based on other grounds. Corral`s troubled past, his early loss of his father, his drug addiction, his desire to have the opportunity to support his five children, and his failure to invoke his speedy trial rights on the federal indictment while serving a state sentence because of what he says was his ignorance of his rights all fall into this category. Such circumstances are, unfortunately, common among the defendants who appear before the Court for sentencing, and the Court does not believe that, standing alone, these factors are a sound basis for varying, or for varying much. At most, the overstatement of a violent criminal history and these other circumstances justify no more than a 6-month variance.**

**One factor that the Court believes has more substantial weight is Corral`s separate state conviction and sentence on a state felon-in-possession charge for conduct occurring within two months of his federal crime. Corral was arrested for being a felon in possession in violation of state law, but was not held in custody. He was released and shortly thereafter arrested again on the similar federal charge, involving different firearms, for which he is now being sentenced. Corral had already begun serving his state sentence before being transferred to federal custody. This scenario, involving separate state and federal convictions on conduct closely related in both nature and timing, did not give the state sentence sufficient opportunity to deter Corral from the criminal conduct for which he is being charged in this case. On the other hand, combining the state and federal gun charges reveals that, at most, Corral will over serve, at most, 6 months.**

**A sentence of 92 months or more on the federal charge, plus the state charge and sentence, would be excessive and would not serve any useful purpose. On the other hand, the Court believes that a 12-month variance is appropriate in Corral`s circumstances. The sentence the Court imposes varies from the guidelines, but in these circumstances, such a sentence more effectively promotes the goals outlined in 18 U.S.C. § 3553(a). For the reasons stated here, and in the Court`s Memorandum Opinion and Order, entered September 22, 2009 (Doc. 41), the Court varies 12 months from the bottom of the advisory guideline sentencing range and sentences Corral to 80 months.**

☒  The court makes these recommendations to the Bureau of Prisons:

   **Tucson Federal Correctional Institution, Tucson, Arizona, if eligible
   The Court recommends the defendant participate in the Bureau of Prisons 500 hour drug and alcohol treatment program.**

☒  The defendant is remanded to the custody of the United States Marshal.
☐  The defendant must surrender to the United States Marshal for this district:
   ☐  at            on


☐     as notified by the United States Marshal.

☐ The defendant must surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐     before 2 p.m. on

    ☐     as notified by the United States Marshal

    ☐     as notified by the Probation or Pretrial Service Office.

## RETURN

I have executed this judgment by:

Defendant delivered on _____ to
_____ at _____ with a Certified copy of this judgment.

_____
UNITED STATES MARSHAL

_____
Deputy United States Marshal

Defendant: **Albert Corral**
Case Number: **1:07CR01427-001JB**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 years** .

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons. The defendant shall not commit another federal, state, or local crime. The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

- ☐ The above drug testing condition is suspended based on the courts determination that the defendant possesses a low risk of future substance abuse. (Check, if applicable.)
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any dangerous weapon. (Check, if applicable).
- ☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable).
- ☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of probation that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.
The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page (if indicated below).

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall obtain and maintain full time, legitimate employment, or attend a vocational or academic training program throughout the term of supervised release as directed by the probation officer;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement;

Defendant: **Albert Corral**
Case Number: **1:07CR01427-001JB**

## SPECIAL CONDITIONS OF SUPERVISION

**The defendant must participate in and successfully complete a substance abuse treatment program which may include drug testing, outpatient counseling, or residential placement. The defendant is prohibited from obstructing or attempting to obstruct or tamper, in any fashion, with the collection, efficiency and accuracy of any substance testing device or procedure. The defendant may be required to pay a portion of the cost of treatment and/or drug testing as determined by the Probation Office.**

**The defendant must submit to a search of his person, property, or automobile under his control to be conducted in a reasonable manner and at a reasonable time, for the purpose of detecting drugs, alcohol, or weapons at the direction of the probation officer. He must inform any residents that the premises may be subject to a search.**

**The defendant must refrain from the use and possession of alcohol and other forms of intoxicants. He must not frequent places where alcohol is the primary item for sale.**

**The defendant must participate in and successfully complete a mental health treatment program, which may include outpatient counseling, residential placement, or prescribed medication as approved by the probation officer. The defendant may be required to pay a portion of the cost of this treatment as determined by the Probation Office.**

**The Defendant voluntarily and immediately agrees to forfeit to the United States all of the Defendant`s right, title, and interest in the following assets and properties: a New England Firearms, model Pardner, 20 gauge caliber weapon made from a shotgun, serial number NT373260, with a barrel length of approximately 14.5 inches and an overall length of approximately 21.25 inches and ammunition including one Remington brand 20 gauge caliber cartridge case, 18 Winchester brand 20 gauge caliber cartridges, and 21 Winchester brand .44 Magnum caliber cartridges.**

Defendant: **Albert Corral**
Case Number: **1:07CR01427-001JB**

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments.

☐     The Court hereby remits the defendant's Special Penalty Assessment; the fee is waived and no payment is required.

| Totals: | Assessment | Fine | Restitution |
|---|---|---|---|
| | $100.00 | $0.00 | $0.00 |

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

A     ☒  In full immediately; or

B     ☐  $ immediately, balance due (see special instructions regarding payment of criminal monetary penalties).

**Special instructions regarding the payment of criminal monetary penalties:Criminal monetary penalties are to be made payable by cashier's check, bank or postal money order to the U.S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102 unless otherwise noted by the court. Payments must include defendant's name, current address, case number and type of payment.**

**The defendant voluntarily and immediately agrees to forfeit to the United States all of the defendant`s right, title, and interest in the following assets and properties: a New England Firearms, model Pardner, 20 gauge caliber weapon made from a shotgun, serial number NT373260, with a barrel length of approximately 14.5 inches and an overall length of approximately 21.25 inches and ammunition including one Remington brand 20 gauge caliber cartridge case, 18 Winchester brand 20 gauge caliber cartridges, and 21 Winchester brand .44 Magnum caliber cartridges.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.